## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIK ELLIS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-1886 |
| WARDEN SOLOMON HEJIRIKA | * | |
| Respondent | * | |

*** 

### MEMORANDUM

Petitioner Dominik Ellis a prisoner confined to Baltimore Pre-Release Unit ("BPRU"), filed the above-entitled petition for writ of habeas corpus, together with a motion to proceed in forma pauperis. Petitioner's motion shall be granted. For the reasons that follow, the petition shall be dismissed without prejudice.

Petitioner asserts that his parole was revoked by the Maryland Parole Commission on October 30, 2014. He claims the hearing commissioner "did not take any diminution credits nor street credits . . . because he did not have the authority to do so." ECF 1 at p. 5. He further asserts that Maryland law prohibits rescission of diminution credits and that application of the improperly removed credits to his current term of confinement would entitle him release from confinement on July 21, 2015. *Id.* Petitioner claims that his right to due process has been violated by the Division of Correction through its "Commitment Department" when it took petitioner's diminution credits two and one-half months after his parole revocation hearing without notifying him of same. *Id.* at p. 8.

Sentence and diminution credit calculation issues, such as the one raised in the instant petition, generally are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle*

*v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Thus, the petition shall be dismissed without prejudice. To the extent application of the credits at issue would entitle him to release from confinement, petitioner may raise his claim in the appropriate State Circuit Court in a state petition for writ of habeas corpus.

A separate order follows.


Date

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL -8  AM 9: 20

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

2